1  WILLIAM D. SYMMES
2  WILLIAM M. SYMMES
   WITHERSPOON, KELLEY, DAVENPORT
3  & TOOLE, P.S.
4  1100 U.S. Bank Building
   422 West Riverside Avenue
5  Spokane, Washington 99201-0300
6  Telephone:  509 624 5265
   Facsimile:   509 458 2728
7
8  Counsel for the Plaintiffs

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RIVERSTONE CENTER WEST, LLC, a Washington Limited Liability Company, RIVERSTONE CENTER EAST, LLC, a Washington Limited Liability Company, RIVERSTONE CENTER, LLC, a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>BARNES & NOBLE BOOKSELLERS, INC., a Delaware corporation; and BARNES & NOBLE, INC., a Delaware corporation,<br><br>Defendants. | Case No.<br><br>COMPLAINT AND JURY DEMAND |

Plaintiffs, Riverstone Center West, LLC (hereinafter "Riverstone West"), Riverstone Center East, LLC (hereinafter "Riverstone East"), Riverstone Center, LLC

COMPLAINT AND JURY DEMAND:1

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

(hereinafter "Riverstone Center"), by and through their undersigned counsel, complain and allege as follows:

## I. PARTIES

1.1  Riverstone West is a Washington limited liability company with its principal place of business in Spokane County, State of Washington.

1.2  No Riverstone West member is a citizen of the State of New York.

1.3  No Riverstone West member is a citizen of the State of Delaware.

1.4  Riverstone East is a Washington limited liability company with its principal place of business in Spokane County, State of Washington.

1.5  No Riverstone East member is a citizen of the State of New York.

1.6  No Riverstone East member is a citizen of the State of Delaware.

1.7  Riverstone Center is a Washington limited liability company with its principal place of business in Spokane County, State of Washington.

1.8  No Riverstone Center member is a citizen of the State of New York.

1.9  No Riverstone Center member is a citizen of the State of Delaware.

1.10  Defendant Barnes & Noble Booksellers, Inc. (hereinafter "Barnes & Noble") is a Delaware corporation, with its principal place of business in the State of New York.

COMPLAINT AND JURY DEMAND:2

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

1.11   Defendant Barnes & Noble, Inc. is a Delaware corporation, with its principal place of business in the State of New York.

## II. JURISDICTION AND VENUE

2.1   The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy, exclusive of interest and costs, exceeds $75,000.00, and this controversy is between citizens of different states.

2.2   The Court enjoys *in personam* jurisdiction over Barnes & Noble.

2.3   The Court enjoys *in personam* jurisdiction over Barnes & Noble, Inc.

2.4   Venue properly lies in the Eastern District of Washington pursuant to 28 U.S.C. § 1391 because the Defendants reside in the Eastern District of Washington for venue purposes.

## III. FACTS

A. **INTRODUCTION**

3.1   Riverstone West, Riverstone East, and Riverstone Center (hereinafter collectively the "Riverstone Companies") have developed, own, and manage a multi-use real estate development, commonly known as the Village at Riverstone (hereinafter the "Village."). The Riverstone Companies designed and constructed the Village in three distinct phases.

COMPLAINT AND JURY DEMAND:3

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

3.2     The Riverstone Companies' joint ownership and management of the Village created and constitute a joint venture between and among them.

3.3     The Defendants knew and were aware that the Village was owned and managed as a joint venture of the Riverstone Companies.

3.4     Riverstone West and Barnes & Noble are parties to a multi-year lease; this multi-year lease is memorialized by an October 5, 2007 Lease Agreement.

3.5     Pursuant to the Lease Agreement, Barnes & Noble agreed to occupy and pay rent on a building within the Village (hereinafter the "Demised Premises").

3.6     Barnes & Noble, Inc. unconditionally guaranteed payment, fulfillment, and performance of Barnes & Nobles' obligations under the Lease Agreement (hereinafter the "Guaranty").

3.7     Pursuant to the Lease Agreement, Barnes & Noble became one of the anchor tenants in the Village.

**B.     BARNES & NOBLE AGREED TO BECOME A TENANT AT THE VILLAGE AND THE PLAINTIFFS COMMENCED CONSTRUCTION OF THE DEMISED PREMISES.**

3.8     The Riverstone Companies contacted Barnes & Noble in early 2006 regarding the possibility of Barnes & Noble becoming an anchor tenant at the Village.

3.9     Shortly after being contacted by the Plaintiffs, Barnes & Noble expressed a strong interest in the Village and indicated that it would become a tenant in the Village.

COMPLAINT AND JURY DEMAND:4

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

3.10   On or about September 7, 2006, the parties executed a Letter of Intent; the Letter of Intent required the Riverstone Companies to undertake certain redesign and reconstruction measures for Barnes & Noble's benefit. Immediately thereafter, the Riverstone Companies began working on the design and construction changes required by the Defendants.

3.11   The Defendants, through the Letter of Intent and other communications, provided the Riverstone Companies with detailed instructions and requirements for the building's design. These specifications were targeted at making the building look like every other Barnes & Noble outlet in America.

3.12   At Barnes & Noble's direction, the Riverstone Companies spent significant sums of money in planning, designing, and constructing the Demised Premises in accord with the Defendants' specifications.

3.13   Complying with the Defendants' construction standards required the Riverstone Companies to partially demolish previous construction, redesign the premises, and reconstruct existing structures.

3.14   But for the Defendants' insistence, the Riverstone Companies would not have undertaken to deconstruct, redesign, or reconstruct any portion of the Village.

3.15   This additional work cost significant sums of money and rendered the Demised Premises useless to any tenant other than a Barnes & Noble outlet.

COMPLAINT AND JURY DEMAND:5

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

3.16  The Riverstone Companies spent time and money advertising the opening of a Barnes & Noble store in the Village.

3.17  Barnes & Noble's presence as an anchor tenant helped facilitate the marketing of the Village to other nationally recognized tenants and helped in securing these tenants.

3.18  At all times material hereto, the Defendants were aware that the Riverstone Companies intended to, and in fact had, entered leases with other tenants that were contingent upon Barnes & Noble opening and operating as an anchor tenant.

3.19  In reliance upon their agreements with the Defendants, the Riverstone Companies entered into other lease agreements with other tenants, a certain amount of which are contingent upon Barnes & Noble opening and operating as an anchor tenant at the Village.

C.  **THE PARTIES MEMORIALIZED THEIR AGREEMENT IN A LONG TERM LEASE AGREEMENT.**

3.20  On or about October 5, 2007, Riverstone West, on behalf of the joint venture, entered into the Lease Agreement with Barnes & Noble, which incorporated the terms of conditions of the Letter of Intent and the Defendants' design and construction standards for the Demised Premises.

3.21  On or about October 5, 2007, Barnes & Noble, Inc. and Riverstone West, on behalf of the joint venture, entered into the Guaranty.

COMPLAINT AND JURY DEMAND:6

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

3.22    By the Guaranty, Barnes & Noble, Inc. agreed to unconditionally guarantee the full and complete payment, fulfillment and performance of all terms, conditions, covenants, obligations, and liabilities required to be performed by Barnes & Noble under the Lease Agreement.

3.23    Pursuant to the Lease Agreement, the Riverstone Companies were to deliver the Demised Premises to Barnes & Noble, and Barnes & Noble was obliged to accept delivery of the Demised Premises upon the satisfaction of certain terms and conditions. Upon satisfaction of those terms and conditions, Barnes & Noble was obliged to accept delivery of the Demised Premises and commence the payment of rent.

3.24    The Riverstone Companies timely satisfied each and every term and condition under the Lease Agreement, including but not limited to: (i) timely certification that the necessary Inducement Tenants were in place at the Village; (ii) timely certification that the Inducement Tenants' premises were in appropriate stages of construction; and (iii) timely certification that the required construction of the Demised Premises was complete and ready for acceptance.

3.25    On or about November 14, 2008, the Riverstone Companies duly delivered the Demised Premises to Barnes & Noble in accordance with the Lease Agreement.

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

### D. THE DEFENDANTS REPUDIATED AND BREACHED THE LEASE.

3.26    Barnes and Noble did not accept delivery of the Demised Premises as required by the Lease Agreement, and by a letter dated November 17, 2008, Barnes & Noble notified the Riverstone Companies that it was refusing acceptance and terminating the Lease Agreement.

3.27    The November 17, 2008 letter alleged that the Riverstone Companies had failed to satisfy some of the Lease Agreement's conditions for delivery and acceptance of the Demised Premises. However, agents for the Defendants have stated that the national economy and the Defendants' national performance is the true reason they determined not to comply with their obligations; neither justification permitted Barnes & Noble to terminate the Lease Agreement.

3.28    Barnes & Noble's termination notice is a complete repudiation and is a material breach of the Lease Agreement. This repudiation and breach entitles the Riverstone Companies to seek immediate relief.

3.29    Following the repudiation, Barnes & Noble, Inc. refused to honor the Guaranty by failing to provide requested assurances that it would guarantee Barnes & Noble's performance. This constitutes a complete repudiation and material breach of the Guaranty, entitling the Riverstone Companies to seek immediate relief.

COMPLAINT AND JURY DEMAND:8

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

3.30 As a result of the Defendants' repudiations and breaches, the Riverstone Companies have suffered and continue to suffer significant damages, the amount of which will be proven at trial.

## IV. FIRST CAUSE OF ACTION – SPECIFIC PERFORMANCE OF THE LEASE AGREEMENT

4.1 Plaintiffs reallege and incorporate each and every allegation set forth above as fully set forth below.

4.2 The Lease Agreement is a valid and binding lease and contract.

4.3 Barnes & Noble's repudiation of the Lease Agreement constituted a material breach of the Lease Agreement, both by violating express contractual terms and by violating the implied duty of good faith and fair dealing.

4.4 Barnes & Noble's breach entitles the Plaintiffs, among other remedies, to specific performance, as the law presumes that the Plaintiffs will not have an adequate remedy at law where real property is involved.

## V. SECOND CAUSE OF ACTION – DAMAGES FOR BREACH OF THE LEASE AGREEMENT

5.1 Plaintiffs reallege and incorporate each and every allegation set forth above as fully set forth below.

5.2 The Lease Agreement is a valid and binding lease and contract.

COMPLAINT AND JURY DEMAND:9

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

5.3   Barnes & Noble's repudiation of the Lease constituted a material breach of thereof.

5.4   As a result of the breach, Plaintiffs have suffered and will continue to suffer foreseeable and reasonably certain damages, in an amount to be proven at trial.

## VI.   THIRD CAUSE OF ACTION – THIRD PARTY BENEFICIARY TO THE LEASE AGREEMENT

6.1   Plaintiffs reallege and incorporate each and every allegation set forth above as fully set forth below.

6.2   The Lease Agreement was made for the direct benefit of all the Riverstone Companies.

6.3   The Lease Agreement expresses an intent to benefit all the Riverstone Companies.

6.4   Barnes & Noble's breach of the Lease Agreement caused all the Riverstone Companies to incur damages in an amount to be proven at trial.

6.5   As a result of the breach, Plaintiffs have suffered and will continue to suffer foreseeable and reasonably certain damages, in an amount to be proven at trial.

## VII.   FOURTH CAUSE OF ACTION – BREACH OF GUARANTY

7.1   Plaintiffs reallege and incorporate each and every allegation set forth above as fully set forth below.

7.2   The Guaranty is a valid and binding contract.

COMPLAINT AND JURY DEMAND:10

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

7.3   Barnes & Noble, Inc.'s failure to provide any assurances that it would honor the Guaranty is a material breach of the Guaranty.

7.4   Barnes & Noble, Inc.'s breach of the Guaranty has caused Plaintiffs to incur foreseeable and reasonably certain damages, in an amount to be proven at trial.

## VIII. FIFTH CAUSE OF ACTION – THIRD PARTY BENEFICIARY TO THE GUARANTY

8.1   Plaintiffs reallege and incorporate each and every allegation set forth above as fully set forth below.

8.2   The Guaranty was made for the direct benefit of all the Riverstone Companies.

8.3   The Guaranty expresses an intent to benefit all the Riverstone Companies.

8.4   Barnes & Noble, Inc.'s breach of the Guaranty caused all the Riverstone Companies to incur foreseeable and reasonably certain damages, in an amount to be proven at trial.

## IX. SIXTH CAUSE OF ACTION – RESTITUTION

9.1   Plaintiffs reallege and incorporate each and every allegation set forth above as fully set forth below.

9.2   Plaintiffs' performance under the Lease was bargained for by the parties.

9.3   Plaintiffs' performance under the Lease was rendered in reliance upon the Defendants' written and verbal promises.

COMPLAINT AND JURY DEMAND:11

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

9.4   The Defendants' received and accepted the benefits of Plaintiffs' performance.

9.5   Plaintiffs are entitled to damages in restitution for the value of their performance.

## X. SEVENTH CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH A CONTRACT AND/OR BUSINESS EXPECTANCY

10.1   Plaintiffs reallege and incorporate each and every allegation set forth above as fully set forth below.

10.2   Plaintiffs entered into various lease agreements with third party tenants at the Village, a certain number of which are contingent upon Barnes & Noble's performance under the Lease Agreement. These third party leases constitute valid and binding contracts and a protectable business expectancy.

10.3   The Defendants were aware that Plaintiffs intended to and, in fact, entered leases with third parties that were contingent upon Barnes & Noble's performance under the Lease Agreement.

10.4   The Defendants wrongful repudiations and breaches intentionally, recklessly, and tortiously interfered with Plaintiffs' other leases, contracts, and business expectancies, related to the development of the Village.

COMPLAINT AND JURY DEMAND:12

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

10.5   As a result of the Defendants' wrongful interference with Plaintiffs' leases, contracts, and business expectancies, Plaintiffs have incurred foreseeable damages, in an amount to be proven at trial.

## XI.  PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for relief as follows:

1.   For Judgment in favor of the Plaintiffs ordering Barnes & Noble to specifically perform all its obligations under the Lease Agreement;

2.   For all money damages for harm proximately caused by Barnes & Noble breach of the Lease Agreement, including all consequential and incidental damages, in an amount to be proven at trial;

3.   For money damages restoring to the Plaintiffs all monies spent in reliance upon the Defendants' promises of occupancy at the Village;

4.   For money damages for harm caused by Barnes & Noble, Inc.'s breach of the Guaranty, including all consequential and incidental damages, in an amount to be proven at trial;

5.   For money damages, in an amount to be proven at trial, to compensate Plaintiffs for the diminution in value of the Village as a result of Defendants repudiations and breaches of contract.

COMPLAINT AND JURY DEMAND:13

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

6. For all money damages for harm caused by the Defendants' tortious interference with the Plaintiffs' leases, contracts, and business expectancies, in an amount to be proven at trial;

7. For prejudgment and post-judgment interest as allowed by law;

8. For Plaintiffs' costs and attorneys' fees pursuant to the terms of the Lease Agreement, or under other applicable law; and

9. For such other and further relief as the Court deems just and equitable.

DATED, this 23 day of December, 2008, at Spokane, Washington.

**WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.**

_____
WILLIAM D. SYMMES
WILLIAM M. SYMMES
Counsel for the Plaintiffs

COMPLAINT AND JURY DEMAND:14

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265